UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ISAC LEE HUNTER,

       Plaintiff,

  -v-                                                     18-CV-0171V
                                                           ORDER

LIGHTHOUSE MANAGEMENT &
PARTNERS INC.,

       Defendant.

_____

## INTRODUCTION

The *pro se* plaintiff, Isac Lee Hunter ("Hunter"), an inmate then confined at the Erie County Holding Center, filed this action seeking relief under Fair Housing Act, 42 U.S.C. § 3604(a) ("FHA"). Docket Item 1. Hunter has paid the filing fee. In his complaint, Hunter alleges that the defendant violated his rights under the FHA by requiring that he undergo a background check before it rented Hunter an apartment. For the reasons discussed below, unless the plaintiff files an amended complaint, the complaint will be dismissed pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

Under 28 U.S.C. § 1915A(a), this Court screens the complaint.

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the

action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks and citation omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**I. The Complaint**

In evaluating the complaint, the Court accepts all factual allegations as true and draws all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

A liberal reading of the complaint tells the following story. When Hunter sought to rent an apartment from the defendant, it "required a (3) third part[y] and a Buffalo, N.Y. Police Department Background[] Check, and they did say that the Buffalo, N.Y. Police gave me a bad reference." Docket Item 1 at 4. Hunter alleges that this constituted discrimination, amount to racial profiling, and violated his rights under the Fair Housing Act. *Id.*

Hunter further alleges that he was subjected to "racial discriminatory [sic] over payment while [he] was incommunicado at the Erie County Holding Center jail – psychiatric forensic unit." *Id.* at 7. Hunter was still paying rent on his apartment while he was institutionalized: "$525 per month for a couple (2) years while I was in psychiatric centers hospitals detention." Hunter adds that he was in solitary confinement and "without the means of communication with all outside worlds [sic]." *Id.* at 8. He then provides a list of numerous dates and locations of psychiatric treatment between 2002 and May 2017. *Id.* at 9.

**II.    Analysis**

The Fair Housing Act makes it unlawful

> To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604(a). A plaintiff may establish a prima facie case of housing discrimination by showing: (1) that he is a member of a protected class; (2) that he sought and was qualified to rent or purchase the housing; (3) that he was rejected; and (4) that the housing opportunity remained available to other renters or purchasers. *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003).

Hunter's complaint, generously read, implies the first, second and fourth elements. But Hunter plainly alleges that he actually rented the housing, and he therefore has not established the third element. The gravamen of the plaintiff's complaint appears to be that he was subjected to a background check, which he regards as violating his rights; but despite a negative report, he apparently was provided housing. Moreover, the complaint does not allege that others were not subjected to the same requirement. In short, Hunter fails to make out any claim of discrimination and does not meet the basic requirement of a claim under the Fair Housing Act – that he was denied housing.

Nevertheless, because he is proceeding *pro se*, Hunter will be given the opportunity to amend his complaint to set forth factual allegations that would establish a violation of the Fair Housing Act as noted above.[1]

## **CONCLUSION**

For the reasons stated above, Hunter's application to proceed *in forma pauperis* is granted. But the complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, unless Hunter files an amended complaint within **forty-five (45) days of the date of this order**, in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Hunter is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint

---

[1] To the extent that Hunter seeks to recover for "overpayment of rent," he does not allege that the defendant was acting under color of state law, nor does he identify any other basis for the defendant's liability under 42 U.S.C. § 1983. If the plaintiff intended to raise a claim regarding his payment of rent, he may amend his complaint as noted below.

4

ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (*quoting Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all allegations against the defendant, so that the amended complaint may stand alone as the sole complaint in this action that the defendant must answer.

## **ORDER**

IT HEREBY IS ORDERED that Hunter is granted leave to file an amended complaint as directed above within **forty-five (45) days from the date of this order**; and it is further

ORDERED that the Clerk of Court shall send the plaintiff this order, a copy of the original complaint, a blank non-prisoner complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if the plaintiff fails to file an amended complaint as directed above, the complaint is dismissed without further order of the court; and it is further

ORDERED that if the complaint is dismissed, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a

poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

                                                *s/ Lawrence J. Vilardo*
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE

DATED:     April 6, 2019
                Buffalo, New York